UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| MANUEL AYON, | ) |
| | ) |
|       Petitioner, | ) |
| v. | )    No. 1:07-cv-1036-DFH-JMS |
| | ) |
| STANLEY KNIGHT, | ) |
| | ) |
|       Respondent. | ) |

**Entry Discussing Petition for Writ of Habeas Corpus**

For the reasons explained in this Entry, the petition of Manuel Ayon ("Ayon") for a writ of habeas corpus must be **denied** and this action is **dismissed with prejudice.**

**Background**

The pleadings and the expanded record in this action establish the following:

1.     Ayon is confined at an Indiana prison. He seeks a writ of habeas corpus with respect to a prison disciplinary proceeding identified as No. ISR 07-01-0357, wherein he was found guilty of having violated prison rules of conduct by his possession of unauthorized property.

2.     The evidence favorable to the conduct board's finding is that on January 27, 2007, while a search was being conducted in K-1 Dorm at the Pendleton Correctional Facility, an Indiana prison, Ayon was observed talking on a cell phone. Ayon was instructed by the reporting officer to surrender the cell phone. Ayon broke the cell phone and then gave it to the reporting officer.

3.     The finding that Ayon had violated prison rules in the manner described was made at a hearing conducted on February 5, 2007. Prior to the hearing, Ayon had been given a written copy of the conduct report setting forth the charge and notified of his procedural rights in connection with the charge. Ayon was present at the hearing and made a statement concerning the charge. After considering the evidence, including Ayon's statement, the conduct board found Ayon guilty of possession of unauthorized property and imposed sanctions, including the loss of a period of earned good time. This action was filed after Ayon filed an administrative appeal of the matter.

**Ayon's Claims**

Contending that the proceeding described above is tainted by constitutional error, Ayon seeks a writ of habeas corpus. His specific contentions are that: 1) there was a violation of prison policies regarding the failure to include the name of a witness on the conduct report, though the statement of this person was submitted to and included by the conduct board; and 2) there was confusion in the matter relating to a second cell phone.

## Discussion

Ayon is entitled to a writ of habeas corpus if he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Under Indiana law, state prison inmates have a protected liberty interest in earned good-time credits and in credit-earning class. IND. CODE §§ 35-50-6-4, 35-50-6-5 (2000). When a prison disciplinary proceeding results in a sanction which affects the expected duration of a prisoner's confinement, typically through the deprivation of earned good-time credits or the demotion in credit earning class, the state may not deprive inmates of good-time credits without following constitutionally adequate procedures to insure that the credits are not arbitrarily rescinded and habeas corpus is the proper remedy. *Cochran v. Buss,* 381 F.3d 637, 639 (7th Cir. 2004).

"A prisoner challenging the process he was afforded in a prison disciplinary proceeding must meet two requirements: (1) he has a liberty or property interest that the state has interfered with; and (2) the procedures he was afforded upon that deprivation were constitutionally deficient." *Scruggs v. Jordan,* 485 F.3d 934, 939 (7th Cir. 2007). In these circumstances, Ayon was entitled to the following process before being deprived of his liberty interests: (1) advance (at least 24 hours before hearing) written notice of the claimed violation; (2) the opportunity to be heard before an impartial decision maker; (3) the opportunity to call witnesses and present documentary evidence (when consistent with institutional safety); and (4) a written statement by the fact-finder of the evidence relied on and the reasons for the disciplinary action. *Wolff v. McDonnell,* 418 U.S. 539 (1974); *Rasheed-Bey v. Duckworth,* 969 F.2d 357, 361 (7th Cir. 1992). In addition, there is a substantive component to the issue, which requires that the decision of a conduct board be supported by "some evidence." *Superintendent v. Hill,* 472 U.S. 445 (1985).

Using the protections recognized in *Wolff* and *Hill* as an analytical template, Ayon received all the process to which he was entitled.[1] That is, the charge was clear, adequate notice was given, and the evidence was sufficient. In addition, (1) Ayon was given the opportunity to appear before the conduct board and make a statement concerning the charge, (2) the conduct board issued a sufficient statement of its findings, and (3) the conduct board issued a written reason for its decision and for the sanctions which were imposed. Ayon's challenges to the proceeding, moreover, are not persuasive.

- As to the first claim, Ayon suggests that the alleged failure to include the name of a staff witness on the conduct report violates a prison rule which requires that witnesses be identified on that form. Even if there is a factual basis for this claim, however, the mere violation of such a policy does not constitute even a cognizable claim under § 2254, *Evans v. McBride*, 94 F.3d 1062 (7th Cir. 1996). Apart from this, moreover, the absence of the name of the staff witness on the conduct report is not alleged to have resulted in any prejudice to Ayon, nor can the court discern a basis for such claim. Ayon is therefore not entitled to relief based on this first claim.

---

[1] Ayon has not replied to the respondent's return to order to show cause. The effect of this, pursuant to 28 U.S.C. § 2248, is that "[t]he allegations of . . . an answer to an order to show cause in a habeas corpus proceeding, if not traversed, shall be accepted as true."

- Ayon's second claim is that at the conduct board two (2) cell phones were produced, but it was not determined which phone was supposed to belong to Ayon. The respondent has treated this contention as a challenge to the sufficiency of the evidence, which is a reasonable understanding of the allegation. However, the infraction here did not hinge on Ayon's *ownership* of a cell phone, but on his possession of a cell phone. He does not deny that he possessed a cell phone. The presence of two cell phones at the disciplinary hearing may be unexplained in the record, but it did not diminish the evidence against Ayon and does not constitute or even suggest a defense to the charge. The infraction here was possession of unauthorized property. The conduct report recites Ayon possessed what constituted unauthorized property, recites when and where he possessed the contraband, recites what transpired when Ayon was seen in possession of a cell phone, and describes the interaction between Ayon and the reporting officer. The evidence supporting Ayon's possession of the cell phone rests on the reporting officer's first-hand account of the incident written on the date it occurred, and Ayon has offered no argument why that account should not be accepted as true. The conduct report alone satisfies the "some evidence" required by due process. *Henderson v. United States Parole Comm'n*, 13 F.3d 1073, 1077 (7th Cir. 1993) (a federal habeas court "will overturn the . . . [conduct board's] decision only if no reasonable adjudicator could have found . . . [the petitioner] guilty of the offense on the basis of the evidence presented"). The "some evidence" standard is lenient, "requiring only that the decision not be arbitrary or without support in the record." *McPherson v. McBride,* 188 F.3d 784, 786 (7th Cir. 1999). Although the evidence before the disciplinary board must "point to the accused's guilt," *Lenea v. Lane, 882* F.2d 1171, 1175 (7th Cir. 1989), "only evidence that was presented to the Adjustment Committee is relevant to this analysis." *Hamilton v. O'Leary,* 976 F.2d 341, 346 (7th Cir. 1992); see also *Hill*, 472 U.S. at 457 ("The Federal Constitution does not require evidence that logically precludes any conclusion but the one reached by the disciplinary board.").

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff,* 418 U.S. at 558. There was no arbitrary action in any aspect of the charge, disciplinary proceeding, or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceeding which entitles Ayon to the relief he seeks. Accordingly, his petition must be **denied**. Judgment consistent with this Entry shall now issue.

So ordered.

_____
DAVID F. HAMILTON, Chief Judge
United States District Court

Date:  1/24/2008